**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| NURSES ONSITE CORPORATION | ) | Case # 06-11821 |
| | ) | Chapter 11 |
|     Debtor-in-Possession. | ) | |
| | ) | |
| | ) | |
| NURSES ONSITE CORPORATION , | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT MURPHY and | ) | |
| | ) | |
| LINDA ROMANO, | ) | |
| | ) | |
|     Defendants. | ) | |

**COMPLAINT FOR ENFORCEMENT OF**
**REPAYMENT PROVISION IN ASSET PURCHASE AGREEMENT**

Plaintiff, NURSES ONSITE CORPORATION, the Debtor-in-Possession in this case ("**Debtor**"), through its undersigned counsel, for its Complaint against Defendants Robert Murphy ("**Murphy**") and Linda Romano ("**Romano**") alleges as follows:

**BASIS FOR JURISDICTION**

1.      This is a core proceeding over which the Court has jurisdiction under 28 U.S.C. § 157 (b).

2.      Plaintiff is the Debtor in this Chapter 11 case. Defendants Murphy and Romano, husband and wife, are former members and former owners of Nurses PRN, LLC ("**Nurses**"), a Florida limited liability company, all the assets of which were purchased by Debtor Nurses ONSITE Corporation (fka Nurses PRN Acquisition Corp.), which is a wholly owned subsidiary

1

of Debtor Medical Staffing Services, Inc.[1]  Pursuant to the June 16, 2005 Asset Purchase

Agreement (the "**Agreement**"), a true and correct copy of which is attached hereto as **Exhibit A**,

Debtor purchased Nurses and engaged Defendants Murphy and Romano as employees.

4.        Section 1.6 of the Agreement requires Defendants Murphy and Romano to

repay/reimburse their pro rata share of the Cash Consideration of One Million Six Hundred

Thousand Dollars ($1,600,000) of the Purchase Price (the "**Cash Consideration**") to Debtor

under certain conditions, which conditions have now occurred.

5.         This is an adversary proceeding to enforce the obligations of Defendants, and to

recover the remittance/reimbursement payments which are assets of the Bankruptcy Estate due

from Defendants, under the Agreement.

<div align="center">

**FACTS COMMON TO ALL COUNTS**

</div>

6.        Debtor is a Nevada Corporation which is headquartered in Vienna, Virginia.

7.        On or about June 16, 2005, Murphy and Romano entered into the Agreement to

sell all of the assets of Nurses PRN, LLC, as owners thereof, to Debtor.

8.        Under Section 2.5 of the Agreement, Murphy and Romano were each engaged as

employees of the purchasing entity, Debtor, pursuant to the individual employment agreements

executed by each (attached hereto as **Exhibit B** (the "**Murphy Employment Agreement**") and

**Exhibit C** (the "**Romano Employment Agreement**")).

9.        Under Section 1.6 of the Agreement, Debtor agreed to pay, in partial

consideration for the assets of Nurses (defined in the Agreement as "Cash Consideration"), One

Million Six Thousand Dollars ($1,600,000) which was to be used to pay or satisfy outstanding

tax liabilities owed to the IRS, which to Debtor's belief were personal obligations of Murphy and

Romano.  In exchange, Defendants Murphy and Romano each agreed to return their pro rata

portion of the Cash Consideration (50% each) in the event either one resigned or was terminated

---

[1] The Debtor in Case No. 06-11822, for which a motion to administratively consolidated with this case is pending
and set for hearing on January 23, 2007.

for good cause (as defined in the Agreement) within 36 months of the Closing Date for the purchase of Nurses.

10.     On or about July 3, 2006 Defendant Romano tendered her resignation and formally left the employ of Debtor on July 8, 2006 (a true and correct copy of her resignation letter is attached hereto as **Exhibit D**).

11.     On or about December 28, 2006, Defendant Murphy tendered his resignation and formally left the employ of Debtor that same day (a true and correct copy of his resignation letter is attached hereto as **Exhibit E**).

12.     Pursuant to the terms of the Agreement, Defendants Murphy and Romano are obligated to return their pro rata share of the Cash Consideration to Debtor, in the total amount of $1,600,000.

<u>**COUNT I**</u>
**(Complaint to enforce re–payment of Cash Consideration)**

13.     The Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-12 as if fully set forth herein.

14.     The Cash Consideration is the property of Debtor as it was made expressly contingent upon, and in exchange for, the promises of Defendants Murphy and Romano to remain employed in good standing with Debtor.

15.     Defendant Murphy agreed to return his pro rata share of the Cash Consideration to Debtor in the event that he resigned, which event occurred on December 28, 2006.

16.     Defendant Romano agreed to return her pro rata share of the Cash Consideration to Debtor in the event that she resigned, which event occurred on July 8, 2006.

17.     The Cash Consideration is properly an asset of the bankruptcy estate.

WHEREFORE, the Plaintiff, NURSES ONSITE CORPORATION prays as follows:

A.      That the Court determine that the Cash Consideration is the property of NURSES

ONSITE CORPORATION ("Debtor") and that Defendants Murphy and Romano have an

obligation to return the Cash Consideration; and

B.      That the Court enter an Order requiring that Defendants shall repay the Cash

Consideration to Plaintiff, NURSES ONSITE CORPORATION as Debtor-in-Possession; and

C.      That the Court award the Plaintiffs herein all of its costs and attorney's fees

incurred herein against Defendants Murphy and Romano; and

D.      That costs and attorney's fees be paid within ten (10) days of entry of a final order

in this adversary proceeding; and

E.      That the Court award such further and additional relief as it deems just and

proper.

Dated:   January 19, 2007

<div style="margin-left:40%">
Respectfully submitted,
NURSES ONSITE CORPORATION
By Counsel
</div>

GARY & REGENHARDT PLLC
8500 Leesburg Pike, Suite 7000
Vienna, VA 22182
(703) 848-2828


By:     /S/ Linda D. Regenhardt
Linda D. Regenhardt, Esquire
GARY & REGENHARDT PLLC
8500 Leesburg Pike, Suite 7000
Vienna, VA 22182
(703) 848-2828
(703) 893-9276 facsimile

4