## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| In re: | |
| NURSES ONSITE CORPORATION, | Case No.   06-11821-RGM (Chapter 11) |
| Debtor. | |
| NURSES ONSITE CORPORATION, | |
| Plaintiff, | |
| vs. | Adv. Proc. No. 07-1008 |
| ROBERT MURPHY and LINDA ROMANO, | |
| Defendant. | |

### MEMORANDUM OPINION

The complaint filed by Nurses Onsite Corporation alleges that it purchased all of the assets of Nurses PRN, LLC, of which the defendants were the owners; that the defendants entered into employment contracts with the plaintiff which required the defendants to repay or reimburse their pro rata share of $1,600,000 of the purchase price under certain conditions; and that those conditions have now occurred.  Nurses Onsite filed this suit to enforce the repayment requirement.

The defendants, who are husband and wife, filed a motion to change venue to Florida.  They reside in Florida.  They assert that they have a meritorious defense but their limited resources will prevent them from fully and fairly defending themselves unless venue is transferred to Florida.  They complain that they cannot afford to travel to Virginia to defend themselves and that they cannot afford the transportation expenses for their prospective witnesses.

1

Paragraph 11.4 of the purchase agreement states that the agreement will be governed by

Florida law and that:

> Any dispute, controversy or question of interpretation arising under, out of, in connection with or in relation to this Agreement or any amendments hereof, or any breach or default hereunder, shall be litigated in the state or federal courts in Miami-Dade County, Florida.  Each of the parties hereby irrevocably submits to the jurisdiction of any state or federal court sitting in Miami-Dade County, Florida.  Each party hereby irrevocably waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any such action in Miami-Dade County, Florida.

Both parties filed a list of potential witnesses with a brief statement of their expected

testimony.  The plaintiff lists 21 prospective witnesses, almost all of whom reside in Virginia.  The

defendants list 23, almost all of whom reside in Florida.  It is clear from reviewing the witness lists

that many of the witnesses, from the descriptions of their anticipated testimony, are cumulative.

The federal change of venue statute, 28 U.S.C. §1412 states:

> A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

*See* Fed.R.Bankr.P. 7087.  Thus, the court may transfer this adversary proceeding to Florida if either

it is in the interests of justice to do so or if it is for the convenience of the parties.   *In re Bruno's,*

*Inc.,* 227 B.r. 311 (Bankr.N.D.Ala.1998) sets out several factors to consider: economics of estate

administration, presumption in favor of the "home court"; judicial efficiency; the ability to receive

a fair trial; the state's interest in having local controversies decided within its borders, by those most

familiar with its laws;  the enforceability of any judgment rendered; and the plaintiff's original

choice of forum.

In this case, the parties' transaction was anchored in Florida.  The business and assets

purchased were in Florida and the defendants' were to be employed in Florida.  They contractually

2

agreed to litigate in Florida courts, either federal or state.  Florida law governs.

Both sides have identified witnesses who will have to travel to the other venue.  While the court believes that during the course of discovery the actual number will substantially diminish, some witnesses will have to travel.  There is an alternative to travel and that is to use depositions that are read into evidence.  In all, it appears that both sides are equally burdened by getting their witnesses to the courthouse.  In many cases, the principal witnesses are deposed during discovery in any event.  Thus, any additional cost in using depositions rather than live testimony is not significant; however, many counsel prefer live testimony to video or deposition testimony.

The "home court" and the original choice by the plaintiff are not compelling factors in this case in light of the contractual agreement to try all matters in Florida.  That clause casts doubt on which venue is the "home" venue and where the original choice lies.

This case is only in its beginning stages.  No significant judicial resources have been devoted to it and if there is to be a change in venue, that change should occur now.  At this point, no significant judicial resources will have been wasted if venue is changed.

The economics to the bankruptcy estate do favor retaining venue in Virginia, but not as significantly as the plaintiff argues.  While it is likely that the debtor would retain Florida counsel to try the matter, it does not appear that there would be significant duplication of efforts by debtor's present counsel and any new Florida counsel.

In considering the conveniece of the parties, there is a similar analysis.  Here, the plaintiffs suggest that most of the documentary evidence is located in Virginia.  Otherwise, the benefits and burdens appear to be about the same as discussed above.

The two most compelling arguments are that the defendants cannot afford to defend the case

3

unless it is tried in Florida and that the parties contractually agreed to venue in Florida.  The burden

of proof is on the defendants and while the evidence is not overwhelming on the issue, it appears that

the relative ability of the parties to prosecute or defend the case favors the plaintiff.  That, though,

is different than showing that the defendants will be unable to defend themselves except at home in

Florida.  However, the plaintiffs do not seem to contest this.  They seem to suggest that they do not

expect to collect a monetary judgment from the defendants, but are looking more to the defendants'

stock ownership.  Be that as it may, there is an indication of hardship on behalf of the defendants that

is different than merely shouldering the costs of litigation which is what the plaintiff must do.

The court, though, is swayed most by the forum selection in the contract itself.  Jurisdiction

in this court is "related to" jurisdiction.  The cause of action is a state law cause of action that would

exist absent the filing of a petition in bankruptcy.  The claims exist at and arise under state law.

They do not arise under title 11.  In short, had there been no bankruptcy, the forum selection

provision of the agreement would probably have been enforced and the case would probably have

be transferred to Florida.

In the circumstances most of the benefits and burdens are shared equally by the parties.

However, the practical ability of the defendants to defend themselves and the parties' initial forum

selection in their contract weigh more heavily.  The court will grant the motion.

Alexandria, Virginia
June 7, 2007

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Linda D. Regenhardt

Robert Murphy
Linda Romano
12904 69th Street North
West Palm Beach, FL 33412

13610